## SPRAGGINS vs. WHITE'S EXECUTORS.

APPEAL from the court of probates of the parish and city of New-Orleans.

PORTER, J., delivered the opinion of the court. This action is brought for a settlement of accounts between two traders in negroes, who had entered into partnership for the purpose of buying slaves in the northern

Courts have the power *ex officio* to send causes before referees.

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

states and transporting them hither for sale. No books appear to have been kept by either of the parties. The record comes up loaded with documents and accounts of the most confused and unintelligible kind, not much elucidated by the mass of parol evidence that accompanies them. We have found it very difficult to ascertain the balance really due. It is a matter of surprise to us, that, in cases like this, where the law has authorised courts to aid their investigation, by placing accounts before referees, the judges of the first instance neglect, or refuse, to profit by their assistance. We think it would greatly promote the ends of justice to send all such cases before men accustomed to the examination and settlement of accounts: it is almost impossible judges can examine them with the same accuracy, or arrive at as exact results. No application of the parties is necessary to enable the court to make this reference. It may be ordered *ex officio.* *Acts of the Legislative Council,* 1804, 6; 1805, 256; *Caulker* vs. *Banks, vol.* 3, 532.

This case was before us last June term, and remanded to obtain evidence which we were of opinion the judge had illegally rejected on the first trial. That evidence, with other ad-

East'n. District.
*March*, 1826.

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

ditional proof, now appears on the record. *Vol.* 3, 661.

The plaintiff states that in the year 1821, he entered into partnership with the defendant, for the purpose already mentioned; that eighty-two slaves had been purchased, seventy-three of which have been sold by the defendant, and the proceeds received by him, and that two others are yet in his possession.

That the amount of sales made by the defendant is $41,237, and that he also received the hire of several of the slaves, the exact amount of which cannot be ascertained, as the defendant never rendered any account, but that the balance due the petitioner is at least $4,000.

The defendant pleaded the general issue, and averred the plaintiff owed him $3,000, for which he prayed judgment in reconvention.

After the cause had been at issue some time, in the district court, the defendant died. It was then transferred to the court of probates. That tribunal, after hearing the evidence, gave judgment, that the defendant in the cause, and plaintiff in reconvention, should recover $440; and that the remaining slaves, Ellen and child, should be sold as the joint property of the parties.

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

The first question to be decided is, whether there was a settlement of accounts between the parties up to the time of the last purchase of slaves. We have examined with attention the evidence, which it was urged establishes this settlement, and it does not satisfy us of the fact. Accounts were drawn out, and several admissions made of the correctness of divers charges made by each, but there was no definitive settlement, which precludes a re-examination of these matters, or which indeed does away the necessity of going into them to ascertain the rights of the parties.

The parish judge has lamented the necessity he was under of deciding without books or regular documents, on which he could base his judgment. This complaint is to a certain extent well founded. But there are facts which are not disputed, and others established by sufficient evidence to show that he erred in the conclusion he came to. Still, though the proof may be clear, it is painful to decide cases of this kind where regular books are not kept, for there are so many facilities afforded for fraud and deception by the want of them, that, though the court may be satisfied it is pronouncing correctly on the evidence

before it, it still feels it may be giving one party a great advantage over the other, from not knowing the whole truth, and nothing but the truth.

East'n District.
*March*, 1826.

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

It is proved that the defendant received from the sales of partnership property and otherwise, the sum of $43,353; and that, giving him credit, with one unimportant exception, for the different payments made by him, according to his own account, he has paid $28,056, leaving him debtor to the partnership in the sum of $15,294.

And it is established the plaintiff has received of partnership funds $14,413; and that he has paid away, on account of the firm, $13,555: he of course owes $858.

Consequently there is to be divided between the parties the amount due by both; that is to say $16,152.

But on their private accounts, the plaintiff owes the defendant a sum which reduces the amount due by the latter to 3,110; for this sum he is entitled to judgment, and the wench Ellen and child must be sold for common benefit.

We have allowed the defendant nearly all the demands claimed by him, except that of freight on the first shipment of negroes, it

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

appearing from the account filed, this charge was paid by the plaintiff.

The matters most disputed on the argument were the large sums charged by both plaintiff and defendant for expenses; the one in buying, the other in selling the slaves. We have admitted both. They are nearly alike in equity, and supported by proof pretty equal in weight. Partners transacting common business, are not presumed to arm themselves with evidence of every disbursement with the same strictness as if acting for third parties. The plaintiff and defendant seem to have been alike inattentive to proof, and equally careful to charge every expense that belongs to, or could arise out of such transactions. We believe that in giving both credit for the sum claimed we are doing justice between them.

We have not taken into view the partnership with Robb, as it cannot be settled without he is a party to the suit.

It is therefore ordered, adjudged, and decreed that the judgment of the court of probates be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that the plaintiff do recover of the

SPRAGGINS
*vs.*
WHITE'S
EXECUTORS.

estate of the defendant according to the rank and dignity of his claim, the sum of $3,110; that the wench Ellen and child be sold, and the proceeds of said sale be equally divided between the parties to this suit; the costs of the first instance be paid by the appellant, and those of appeal by the appellees.

*Hoffman* for the plaintiff, *Strawbridge* for the defendants.